UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS SERDA DIAZ,<br><br>                Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>                Defendant. | Case No.  1:24-cv-00745-HBK (PC)<br><br>ORDER TO CLERK TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*[1]<br><br>(Doc. No.  3)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

On June 25, 2024, the Court directed the Clerk of Court to administratively open this action and transfer Plaintiff's fourth amended complaint lodged in 1:23-cv-01296-KES-BAM to this action along with Plaintiff application to proceed *in forma pauperis*. (Doc. No. 1). Plaintiff Elias Serda Diaz is a state prisoner who is proceeding pro se on his civil rights complaint. (Doc. No. 2). On June 26, 2025, the California Department of Corrections submitted a certified copy of Plaintiff's Inmate Statement Report in support of Plaintiff's application to proceed *in forma pauperis* ("IFP"). (Doc. No. 3, 6). Because Plaintiff's Inmate Statement Report shows he has sufficient funds to the pay the $405.00 filing fee in full, the undersigned recommends Plaintiff's application to proceed IFP be denied.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

## I.  BACKGROUND

Plaintiff is currently confined at California Substance Abuse Treatment Facility ("SATF"). (*See* Doc. No. 2 at 1). In his IFP application, Plaintiff declares he is unable to pre-pay the full amount of fees and costs for these proceedings or give security and believes that he is entitled to the relief sought in his complaint. (Doc. No. 3 at 1). Plaintiff's CDCR Inmate Statement Report reflects that as of June 21, 2024, when this action was commenced, Plaintiff had an available sum of $1,578.36 in his inmate account and had average deposits of $650.29 over the last six months. (*See* Doc. No. 6). On June 27, 2024, the Court issued an Order directing Plaintiff to show cause why he should not be denied IFP status in light of his apparent ability to pre-pay the filing fee. (Doc. No. 7). Plaintiff's response was due within 14 days. (*Id*. at 2). To date, Plaintiff has not submitted a response to the Court's June 27, 2024 order and the time to do so has expired. (*See* docket).

## II. APPLICABLE LAW

Title 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Under the PLRA, prisoners must pay the full amount of the fee. *Id*. 1915(b)(1). Thus, when a prisoner brings a civil action, he must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Proceeding IFP is "a matter of privilege and not right." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (abrogated on different grounds). A determination of indigency rests within the court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). Although an IFP applicant need not be "destitute" a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339–

40 (1948) (recognizing that an ability not to be able to pay for oneself and his dependents "the necessities of life" is sufficient).  Thus, a plaintiff must allege indigence "with some particularity, definiteness and certainty" before IFP can be granted.  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  Prisoners, unlike non-prisoner litigants, are in state custody "and accordingly have the 'essentials of life' provided by the government." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002).  The courts are inclined to reject IFP applications where an applicant can pay the filing fee with an acceptable sacrifice to other expenses.  *See, e.g. Casey v. Haddad*, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021), *report and recommendation adopted*, 2021 WL 2948808 (E.D. Cal. July 14, 2021) (finding prior balance of $1000, despite being decreased to $470 shortly before filing action sufficient to pay $402 filing fee); *Riddell v. Frye*, 2021 WL 3411876, at *1 (E.D. Cal. July 9, 2021), *report and recommendation adopted*, 2021 WL 3472209 (E.D. Cal. Aug. 6, 2021) (finding available balance of $1297.21 sufficient to pay $402 filing fee and denying IFP); *Allen v. Kelly*, 1995 WL 396860 at *2 (N.D. Cal. 1995) (ordering plaintiff to pay $120 filing fee in full out of $900 settlement proceeds after initially permitting him to proceed IFP); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP because "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action.").

### III.  ANALYSIS

Plaintiff's indigency due to his prisoner status is not axiomatic.  While a balance of $1,578.36 appears modest at first blush, it is not inconsequential considering Plaintiff does not incur expenses in prison for necessities such as sustenance, housing, and medical care. Although the Ninth Circuit Court of Appeals has held that "the filing fee . . . should not take the prisoner's last dollar," *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995), the information provided by Plaintiff reflects that he has sufficient funds to pre-pay the $405.00 filing fee in full to commence this action and still will have adequate funds left over for any incidental personal or commissary expenses.

Should Plaintiff wish the Court to consider any additional information or should his

1  available balance change by the time he receives these Findings and Recommendations, he may
2  advise the Court.  The Court has the authority to consider any reasons and the circumstances of
3  any change in Plaintiff's available assets and funds in determining whether to grant IFP.  *See*
4  *Collier v. Tatum*, 722 F.2d 653, 656 (11th Cir. 1983) (stating district court may consider an
5  unexplained decrease in an inmate's trust account, or whether an inmate's account has been
6  depleted intentionally to avoid court costs).  Alternatively, Plaintiff can advise the Court if he
7  does not wish to proceed in this action if he is required to pay the full filing fee and instead
8  wishes to voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a)(1) since no
9  defendant has been served.
10      Based on the foregoing, the undersigned recommends that Plaintiff's motion to proceed *in*
11 *forma pauperis* be denied.  If Plaintiff wishes to proceed in this action, Plaintiff must pre-pay the
12 $405.00 filing fee in full.
13      Accordingly, it is **ORDERED**:
14      The Clerk shall randomly assign a district court judge for consideration of these findings
15 and recommendations.
16      It is further **RECOMMENDED**:
17      1.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 3) be DENIED.
18      2.  Plaintiff be required to pay the full $405.00 filing fee within a set time, absent which
19 the Court will dismiss this action without prejudice.
20      ////
21      ////
22                                    NOTICE TO PARTIES
23      These Findings and Recommendations will be submitted to the United States District
24 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
25 after being served with a copy of these Amended Findings and Recommendations, a party may
26 file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be
27 captioned, "Objections to Magistrate Judge's Amended Findings and Recommendations." The
28 assigned District Judge will review these Findings and Recommendations under 28 U.S.C. §

636(b)(l)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   July 30, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE