UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS SERDA DIAZ,<br><br>              Plaintiff,<br><br>   v.<br><br>TYLER, *et al.*,<br><br>             Defendants. | Case No.  1:24-cv-00745-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No.  15) |

      Pending before the Court is Plaintiff's motion for appointment of counsel, filed on September 30, 2024.  (Doc. No. 15).  Plaintiff seeks appointment of counsel pursuant to the Fourteenth Amendment and "due process of law."  (*Id*.).

      Contrary to Plaintiff's understanding, the United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent litigant to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The

court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* considering the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*.*" *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Other than seeking appointment on "due process grounds," the Motion is otherwise silent as to what exceptional circumstances are present here to warrant appointment of counsel.  Furthermore, until Plaintiff pays the $405 filing fee assessed, the Court will not screen Plaintiff's Complaint under 28 U.S.C. § 1915A.  Thus, at this procedural stage, the Court is unable to determine Plaintiff's likelihood of success on the merits.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Accordingly, it is hereby **ORDERED**:

Plaintiff's Motion for Appointment of Counsel (Doc. No. 15) is DENIED.

Dated:    October 1, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2